## Case No. 7,305.

### In re JEWETT et al.

[7 Biss. 242.] [1]

District Court, W. D. Wisconsin. Aug., 1876.

Warner & Spooner, for attaching creditors. Dewitt Davis and William F. Vilas, for petitioning creditors.

HOPKINS, District Judge. The alleged bankrupts filed denial of acts of bankruptcy, but raised no question as to the sufficiency of the number of creditors petitioning against them. Whereupon certain creditors who had attached within two months portions of the property of the alleged bankrupts, applied and obtained leave to intervene and deny that the petitioners constituted one-fourth in number or represented one-third in amount of the provable debts of the bankrupts. The bankrupts were thereupon ordered to file a list of their unsecured creditors, which they did, and one of them was examined in relation thereto before a register. From the list and examination it appears that the petitioners constitute the requisite number and amount unless the attaching creditors are to be counted among the list of unsecured credit-

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

ors, so that the only question is as to whether the attaching creditors shall be included.

No direct authority in favor of such a proposition was cited on the argument. The case In re Hatje [Case No. 6,215], was referred to to show that they should be included in the computation, but as I understand in that case no objection was made to such course, as there were enough petitioners including them; but if that court intended to hold that they were to be included in the list, I must dissent from that conclusion.

Just after the argument I was referred to the case In re Scraffard [Id. 12,557], as a direct authority in favor of the claim of the attaching creditors to be counted. I have examined that case carefully, and am constrained to say that neither the cases cited nor the argument of the learned judge satisfies my mind that his interpretation of the act is correct. It is too restricted and does not give full effect to the spirit or purposes of the act. Such creditors have security, therefore their debt is not provable until that security is abandoned or surrendered. Their security is hostile to and declared void by the terms of the act. It was an attempt by them to secure an unlawful preference in defiance of and contrary to the spirit and letter of the law. The object of the law was to place a creditor, who knowing the insolvent condition of his debtor but who undertook to secure his own debt by an attachment, upon the same footing as a creditor who obtained a preference by the consent of the debtor. He occupies no better position than a preferred creditor by act of the debtor. The security of both is void if proceedings in bankruptcy are instituted within the time prescribed. Both undertake to prevent the equal distribution of the insolvent's estate, which the bankrupt law was intended to accomplish, and I am not able to discover any ground upon which a valid or even plausible distinction between these cases or their status in the bankrupt court can rest. If attaching creditors are to be included in the number or computation, I think preferred creditors and all other parties whose security is or may be avoided by the bankruptcy proceedings should have the same privilege, and it is because I cannot see any ground of distinction, that I hold they are not to be included in ascertaining whether the requisite number of creditors have joined in the petition. The construction contended for is placing the unsecured creditors wholly at the mercy of the secured creditors. In effect it is giving the control of the question whether a debtor may be proceeded against in bankrupt courts, to parties whose interests are in hostility to the bankrupt act, which would defeat completely the rights of the unsecured creditors to insist upon equal distribution of the estate which is their only remedy to obtain anything. No such unreasonable and unjust construction could have been within the intention of the legislature in adopting it.

The attachments are dissolved only on assignment to the assignee under section 5044, Rev. St. U. S. These creditors are now secured so that they have not now a provable debt, and are therefore by the very terms of the act excluded. Act 1874, § 12 (18 Stat. 181). The fact that their security may be avoided if the case proceeds to certain other stages is not now to be considered. It is sufficient that they have not now a debt unconditionally provable to defeat their present claim. In re Frost [Case No. 5,134].

They applied and were admitted to defend to maintain their security. Now they want to occupy the position of unsecured creditors. Parties cannot play "fast and loose" in that way. The law does not favor such changes. It is stable and conservative and confines parties to consistent positions. If they want the rights of unsecured creditors, let them discontinue the attachment suits and they can have them at once. The act prescribes the course for them to pursue.

The motion to dismiss on the ground that a sufficient number of creditors have not joined in the petition is therefore denied.